UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RENDELL ROBINSON,

                Plaintiff,

-against-

THE CITY OF NEW YORK; JOHN DOE (MS. FRANCIS), Social Service Director; and JOHN DOE (DOCS Deputy) of Social Services Department,

                Defendants.
-----------------------------------------------------------------x

10-CV-4947 (ARR)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

ROSS, United States District Judge.

On October 4, 2010, pro se plaintiff Rendell Robinson, who is currently incarcerated at Elmira Correctional Facility, filed the above-captioned civil rights complaint against the City of New York and two staff members at Rikers Island. Plaintiff's application to proceed in forma pauperis is granted. Plaintiff is directed to file an amended complaint within 30 days of the date of this order.

## BACKGROUND

According to the complaint, plaintiff was detained at the George R. Vierno Center on Rikers Island on October 2, 2007 when he was informed that his twin brother, Cadell Robinson, had been shot and killed. (Complaint at 4-5.)[1] Plaintiff alleges that his family members made arrangements with staff members at the New York City Department of Correction ("DOC") to have plaintiff taken to a private viewing of his brother's body on October 5, 2007. (Id. at 6.) He alleges that defendant Ms. Francis, the Director of Social Services at the George R. Vierno

---

[1] Because the original complaint is not consecutively paginated, the court refers to the page numbers assigned by the Electronic Case Filing System.

Center, assured his family that he would be taken to the funeral home that day. (Id.)

On the appointed day, plaintiff states that he refused a scheduled medical visit at the facility in order to be ready for the funeral home visit. "A Captain came and told me that I wasn't gonna be taking to see my brother because I was suing them over a severe injury court bus accident that I was involved in on said 7-11-07" [sic]. (Id. at 8.) When plaintiff questioned him about this statement, the corrections officer allegedly replied, "[T]here is nothing wrong with [me], but there will be something wrong with [you] by the end of the day." (Id. at 8-9.) Plaintiff waited in his cell all day, but he was never produced for the visit. (Id. at 11.) When a family member called the jail, she was informed that the staff knew of the arrangements and was told to stop calling. (Id. at 11.) The next day, plaintiff spoke to another officer, who contacted the transportation division and told plaintiff that they had not received the appropriate paperwork for the visit. (Id. at 13.) Yet another officer informed plaintiff that "they said I couldn't go because I had 1,000 days to do in the box." (Id. at 14.)

Plaintiff had previously filed complaints related to an incident that occurred in a DOC van on July 11, 2007. The van came to an abrupt stop, and, because seatbelts were not provided for detainees, plaintiff had flown out of his seat and been injured. (See Robinson v. City of New York, et al., Docket No. 10-CV-3295, Complaint at 5.) He was not seen by a doctor or given substantial medical treatment until the next morning. (Id., Complaint at 6.)

Plaintiff claims, "I'm entitled to go to [a family member's funeral] by law (as long as I'm not on death row sentenced to the death penalty." (Complaint at 15.) He alleges that defendants' actions violated the United States Constitution, in particular, the Fifth, Eighth, Ninth, and Fourteenth Amendments. (Id. at 16, 17.) He further alleges that he suffered psychological

problems and required medication as a result of this incident. (Id. at 15, 16.) He seeks three million dollars in damages. (Id. at 20.)

## DISCUSSION

### A. Standard of Review

This court is required to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the in forma pauperis statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, to survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1953 (2009) (internal quotation marks and citation omitted).

## B. Possible Constitutional Claims

Plaintiff alleges violations of his Fifth, Eighth, Ninth, and Fourteenth Amendment rights, which could be cognizable under 42 U.S.C. § 1983 ("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985).

Prisoners do not have a constitutionally protected interest in attending the funeral of a relative. See, e.g., Jackson v. Portuondo, No. 01-CV-0379, 2007 WL 607342, at *12 (N.D.N.Y. Feb. 20, 2007); Green v. Coughlin, No. 94 Civ. 3356, 1995 WL 498808, at *1 (S.D.N.Y. Aug. 22, 1995). Moreover, no New York statute or regulation has created any such right for convicted prisoners or detainees. New York Correction Law § 509 provides that:

> The sheriff of a local correctional facility or his designee may permit any inmate confined in his local correctional facility to attend the funeral of his or her father, mother, guardian or former guardian, child, brother, sister, husband, wife, grandparent, grandchild, ancestral uncle or ancestral aunt within the state. . . ; but the exercise of such power shall be subject to such rules and regulations as the commission shall prescribe, respecting the granting of such permission, duration of absence from the institution, custody, transportation and care of the inmate, and guarding against escape.

N.Y. Correction Law § 509 (emphasis added); see also N.Y. Correction Law § 113 (permitting same for convicted prisoners in New York State Department of Correctional Services facilities).

4

The custodian's exercise of this power is discretionary and includes significant limitations on its execution. See Ariola v. Onondaga County Sheriff's Dep't, No. 04-CV-1262, 2007 WL 119453, at *5 (N.D.N.Y. Jan. 10, 2007) (noting limits on the custodian's discretion to permit such visits); Smith v. Fischer, No. 07-CV-1264, 2009 WL 632890, at *9 (N.D.N.Y. Feb. 2, 2009) ("The use of the word 'may' [in N. Y. Correction Law § 113] indicates that the granting of wake visits is entirely discretionary."). Accordingly, plaintiff has not identified any liberty interest on which to base a claim for a violation of his procedural due process rights under the Fourteenth Amendment.

Plaintiff may have claims under the First or Eighth Amendments, however, if he can show that corrections officers deliberately denied the visit in order to retaliate against him or punish him for having filed complaints regarding his previous medical injuries and treatment. Plaintiff states that "a Captain" informed him that he would not be taken to see his brother "because I was suing them over a severe injury."

### C. Proper Defendants

A § 1983 plaintiff seeking to recover money damages must name individual defendants who were personally involved in the wrongdoing or misconduct complained of and may be held liable for the alleged violation of his constitutional rights. Here, petitioner mentions two individual defendants, Ms. Francis, the social services director who allegedly made the arrangements for the visit, and the unnamed captain who is alleged to have made the retaliatory and threatening statements. In order to allow proper identification of these defendants, especially of the unnamed captain, plaintiff is directed to give any additional information about the defendants, the positions they held or shifts they worked, their physical descriptions, and any

5

other identifying information.

The remaining defendant must be dismissed. The City of New York can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Plaintiff has not alleged any such policy or custom.

## CONCLUSION

Plaintiff's request to proceed in forma pauperis is granted. The City of New York is dismissed as a defendant. Plaintiff is directed to file an amended complaint that more clearly identifies the individual defendants who he believes are responsible for depriving him of his constitutional rights. The amended complaint should be filed within 30 days of the date of this order. It should be captioned, "Amended Complaint," and should bear the same docket number as this order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

ALLYNE R. ROSS
United States District Judge

Dated: January 31, 2011
Brooklyn, New York

SERVICE LIST:

<pre>
          Pro Se Plaintiff
          Rendell Robinson
          07A6175
          Elmira Correctional Facility
          P.O. Box 500
          Elmira, NY 14902-0500
</pre>