UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RENDELL ROBINSON,

               Plaintiff,

-against-

THE CITY OF NEW YORK; JOHN DOE (MS.
FRANCIS), Social Service Director; and
JOHN DOE (DOCS Deputy) of Social Services
Department,

               Defendants.
-----------------------------------------------------------------x

10-CV-4947 (ARR)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

<u>MEMORANDUM AND ORDER</u>

ROSS, United States District Judge.

*Pro se* plaintiff Rendell Robinson filed the above-captioned civil rights complaint against the City of New York and two staff members at Rikers Island. By Order dated January 31, 2011, the Court granted plaintiff's application to proceed *in forma pauperis*, dismissed the City of New York as a defendant, and directed plaintiff to file an amended complaint within 30 days. On February 7, 2011, the Court received a letter from plaintiff, in which plaintiff requested a six-month extension of time to file his amended complaint and asked the Court to reconsider its dismissal of the City of New York. On February 23, 2011, the Court received a second letter from plaintiff, renewing plaintiff's request for a six-month extension and requesting a ninety-day extension in the alternative.

## BACKGROUND

The allegations contained in the complaint are summarized in the Court's January 31, 2011 Order. Plaintiff named the City of New York and two John Does (one of them internally identified as "Ms. Francis" and another as "DOCs Deputy") as defendants. The Court dismissed the City of New York, because plaintiff failed to allege that a municipal policy or custom caused

the deprivation of his or her constitutional rights. Plaintiff was directed to amend his complaint in order to identify the John Doe defendants. In his February 7, 2011 submission, plaintiff requests a six-month extension of time to file an amended complaint. He states that he is very busy "handling other legal work matters . . . in which a lot of research reading and writing is necessary." (Letter at 2nd unnumbered page.)

Plaintiff's letter includes a lengthy "Note," in which he questions why the City of New York was dismissed as a defendant. He states that he "followed 'A Jailhouse Lawyer's Manual' directions and example forms to a 'T'." (Letter at 3rd unnumbered page.) He directs the Court's attention to the statement on page 16 of his Complaint: "The City of New York is to be held liable as a General Municipal Law Policy or Custom Causing the deprivation of my United States Constitutional Rights." (Letter, at 4th unnumbered page; Complaint at 16.) Plaintiff further states that he is not required to cite cases or legal arguments in support of his claims. (Letter at 4th unnumbered page.)

Plaintiff also alleges that he "had Probable Cause to sue the City of New York in my previous claim in which you dismissed them being defendants in my claim and transferred the claim [to the] Northern District because I did not allege any such policy or custom correctly (to the Court's eyes)." Plaintiff's previous case, Robinson v. City of New York, et al., Docket No. 10-CV-3295, was transferred to the United States District Court for the Northern District of New York on December 2, 2010.

## DISCUSSION

### A. Motion for Reconsideration

A motion for reconsideration of a court's judgment is permitted under Rule 59(e) of the

Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend the judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Motions for reconsideration are also governed by Local Civil Rule 6.3, which requires that the movant file "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3.

Plaintiff challenges the Court's dismissal of the City of New York and asserts that he sufficiently stated a claim for municipal liability. He correctly observes that his complaint is not required to cite cases or legal arguments in support of his claims. However, his letter motion has not identified any controlling legal authority that the Court may have overlooked.

As the Court explained in the January 31, 2011 Order, the Supreme Court has permitted 42 U.S.C. § 1983 suits against municipalities, but only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Further explanation may aid plaintiff in understanding the concept of municipal liability in Section 1983 cases. It is not enough to state that a particular incident constitutes or demonstrates a policy. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the

3

incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1995). Vague and conclusory statements that a policy exists are insufficient. Brown v. City of New York, 306 F. Supp. 2d 473, 477 (S.D.N.Y.2004) ("The existence of a municipal policy or practice entailing deprivations of constitutional rights cannot be grounded solely on the conclusory assertions of the plaintiff.")

"In order to allege properly a policy or custom, a plaintiff must establish one of the following: (1) a formal policy promulgated by the city, Monell, 436 U.S. at 660; (2) a policy implemented by the city's delegatees of final decision-making authority, including municipal agencies and individuals, see, e.g., id. at 661, 694; Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986); (3) a policy of inadequate training or supervision, City of Canton v. Harris, 489 U.S. 378, 386-88 (1989); or (4) a custom based on well-settled practices of the city, Gentile v. County of Suffolk, 926 F.2d 142, 152 (2d Cir. 1991)." Jones v. National Commc'n and Surveillance Networks, 409 F. Supp. 2d 456, 468 (S.D.N.Y. 2006).

In his complaint, plaintiff merely stated that the City of New York should be held liable "as a General Municipal Law Policy or Custom." He did not identify any particular policy, nor establish any basis for alleging the existence of such a policy. Accordingly, the Court finds no basis for reconsidering its dismissal of the City of New York.

## B. Request for Extension

The Court is mindful of the difficulties of conducting litigation, particularly for incarcerated litigants who do not have the assistance of legal counsel. However, the Court is also cognizant of the lengthy period of time that has passed since the incident alleged in the

4

Complaint. As time passes, memories fade and records may become more difficult to locate. Pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court will assist plaintiff in identifying the full names of the John Doe defendants. However, the unnamed captain alleged to have made retaliatory statements on October 5, 2007 may be difficult to locate on the basis of plaintiff's initial description. For this reason, the Court asked plaintiff to provide additional information about the captain and the social services director, Ms. Francis, prior to directing service of the Complaint. The Court is loath to further delay service of the complaint. Accordingly, plaintiff is granted an additional 60 days in which to file an amended complaint.

## **CONCLUSION**

As plaintiff has not alleged any facts or arguments sufficient to warrant relief from the Court's January 31, 2011 Order dismissing the City of New York as a defendant, the February 7, 2011 motion to reconsider that Order is denied. Plaintiff is granted an additional 60 days to amend his complaint to provide additional identifying information about the John Doe defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
ALLYNE R. ROSS
United States District Judge

Dated: March 1, 2011
       Brooklyn, New York

Complaint. As time passes, memories fade and records may become more difficult to locate. Pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court will assist plaintiff in identifying the full names of the John Doe defendants. However, the unnamed captain alleged to have made retaliatory statements on October 5, 2007 may be difficult to locate on the basis of plaintiff's initial description. For this reason, the Court asked plaintiff to provide additional information about the captain and the social services director, Ms. Francis, prior to directing service of the Complaint. The Court is loath to further delay service of the complaint. Accordingly, plaintiff is granted an additional 60 days in which to file an amended complaint.

## **CONCLUSION**

As plaintiff has not alleged any facts or arguments sufficient to warrant relief from the Court's January 31, 2011 Order dismissing the City of New York as a defendant, the February 7, 2011 motion to reconsider that Order is denied. Plaintiff is granted an additional 60 days to amend his complaint to provide additional identifying information about the John Doe defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
ALLYNE R. ROSS
United States District Judge

Dated: March 1, 2011
    Brooklyn, New York

Complaint. As time passes, memories fade and records may become more difficult to locate. Pursuant to <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court will assist plaintiff in identifying the full names of the John Doe defendants. However, the unnamed captain alleged to have made retaliatory statements on October 5, 2007 may be difficult to locate on the basis of plaintiff's initial description. For this reason, the Court asked plaintiff to provide additional information about the captain and the social services director, Ms. Francis, prior to directing service of the Complaint. The Court is loath to further delay service of the complaint. Accordingly, plaintiff is granted an additional 60 days in which to file an amended complaint.

## **CONCLUSION**

As plaintiff has not alleged any facts or arguments sufficient to warrant relief from the Court's January 31, 2011 Order dismissing the City of New York as a defendant, the February 7, 2011 motion to reconsider that Order is denied. Plaintiff is granted an additional 60 days to amend his complaint to provide additional identifying information about the John Doe defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
ALLYNE R. ROSS
United States District Judge

Dated: March 1, 2011
    Brooklyn, New York

SERVICE LIST:

<pre>
Pro Se Plaintiff
Rendell Robinson
07A6175
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-0500
</pre>