FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 2 6 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RENDELL ROBINSON,

        Plaintiff,

-against-

JOHN DOE (MS. FRANCIS), Social Service
Director; and JOHN DOE (DOCS Deputy) of Social
Services Department,

        Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

10-CV-4947 (ARR)

ROSS, United States District Judge.

      On October 4, 2010, pro se plaintiff Rendell Robinson filed the above-captioned civil rights complaint against the City of New York and two staff members at Rikers Island. By order dated January 31, 2011, the court granted plaintiff's application to proceed in forma pauperis, dismissed the City of New York as a defendant, and directed plaintiff to file an amended complaint within 30 days. Plaintiff subsequently requested a six-month extension of time to file his amended complaint and asked the court to reconsider its dismissal of the City of New York. By order dated March 1, 2011, the court denied the request for reconsideration and granted plaintiff 60 additional days within which to amend his complaint. More than 60 days have passed, and plaintiff still has not filed an amended complaint. Nonetheless, the court finds that sua sponte dismissal is not appropriate in this case.

      Plaintiff alleges that officials at Rikers Island refused to make arrangements for him to attend his brother's wake or funeral. As the court explained in its January 31, 2011 order, prisoners do not have any right, under the constitution or New York state law, to attend a funeral. Liberally construed, however, the complaint alleges that plaintiff was denied the right to attend

his brother's funeral, in retaliation for exercising his First Amendment right to petition the government for a redress of grievances. Plaintiff alleges that an unnamed captain told him that he wasn't going to be taken to the service because of his then pending lawsuit against the New York City Department of Correction. The complaint names this captain and "John Doe (Ms. Francis)," the Director of Social Services at the George R. Vierno Center, as defendants.

The court requested that plaintiff amend his complaint to provide additional identifying information for the two remaining defendants. Although plaintiff has failed to file an amended complaint, in light of his pro se status and his incarceration at a different facility, the court finds that plaintiff is entitled to assistance from the district court in identifying the defendants, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam).

Accordingly, the court hereby requests that the Corporation Counsel for the City of New York attempt to ascertain the full names of the individuals whom plaintiff has partially identified as "John Doe (Ms. Francis)," who was the "Social Service Director" at the George R. Vierno Center at 09-09 Hazen Street in East Elmhurst, New York (Complaint at ECF p. 3); and "Male John Doe," the captain whom plaintiff alleges told him on October 5, 2007 that plaintiff could not go to his brother's wake because of the prior lawsuit he had filed against the Department of Correction (Complaint at ECF p. 8). If Corporation Counsel is able to identify these individuals, the office must provide, within 45 days of the date of this order, their names and the addresses where they can currently be served. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of these officers, summonses shall be issued, and the court shall direct service on these defendants.

## CONCLUSION

Plaintiff's claims against the two John Doe defendants may proceed. The Clerk of Court is respectfully directed to mail a copy of this order and the complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for the John Doe defendants, the Clerk of Court is directed to amend the caption to reflect that information. The Clerk is further directed to issue summonses to those defendants, and the United States Marshals Service is directed to serve copies of the complaint as amended by the Clerk, this order, and the summonses on these defendants.

The court respectfully refers this matter to the Honorable Roanne L. Mann, United States Magistrate Judge, for pretrial supervision.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Allyne R. Ross/

ALLYNE R. ROSS
United States District Judge

Dated: May 26, 2011
      Brooklyn, New York

SERVICE LIST

<pre>
          Pro Se Plaintiff
          Rendell Robinson
          # 07-A-6175
          Elmira Correctional Facility
          1879 Davis St.
          P.O. Box 500
          Elmira, NY 14902-0500
</pre>