UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RENDELL ROBINSON,

                                      Plaintiff,

            -against-

YOLANDA FRANCIS AND CAPTAIN WILLIAM
KAUFMAN,

                                  Defendants.
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 CV 4947 (AAR/RLM)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 17 2012 ★
BROOKLYN OFFICE

       **WHEREAS,** plaintiff commenced this action by filing a complaint on or about October 22, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights were violated; and

       **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS,** plaintiff RENDELL ROBINSON has agreed to settle this matter on the terms enumerated below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

       1.      The above-captioned action, <u>Rendell Robinson v. City of New York, et al.</u>, 10 CV 04947 (AAR/RLM) (E.D.N.Y.) ("this action"), is hereby dismissed against the defendants, with prejudice, and without costs, expenses, or attorney's fees in excess of the amount specified in paragraph "2" below.

2.  The City of New York hereby agrees to pay plaintiff, RENDELL ROBINSON, the sum of SIX THOUSAND DOLLARS ($6,000), in full satisfaction of all claims, including all claims for costs, expenses, and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal with prejudice of all the claims against the defendants, both served and unserved, Yolanda Francis, Captain William Kaufman and Felene Breeland, and to release all defendants, the City of New York, and any present or former employees and agents of the City of New York or entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.  Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.  Nothing contained herein shall be deemed to be an admission by the defendants that in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws

of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

       5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

       6.      Plaintiff agrees to hold harmless the City of New York and the defendants, both served and unserved, Yolanda Francis, Captain William Kaufman and Felene Breeland, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Rendell Robinson
#07-A-6175
Elmira Correctional Facility
1879 Davis Street
P.O. Box 500
Elmira, NY 14902

By: _____
RENDELL ROBINSON,
Plaintiff *Pro Se*

Dated: Elmira, New York
       May 10, 2012

Dated: Brooklyn, New York
       May 16, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-154
New York, New York 10007
(212) 442-6831

By: _____
Rudyard W. Ceres
Assistant Corporation Counsel

Dated: New York, New York
       May 15, 2012

SO ORDERED:

s/Allyne R. Ross
_____
HONORABLE ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE